Case number 22-3087, United States of America v. Troy Anthony Smocks, also known as Kenneth Harris, also known as Tony Sanders, also known as Vincent Shelton, also known as Troy Perez at balance. Ms. Wright for the balance, Ms. Fleming for the appellate. Good morning, Ms. Wright. Good morning. May it please the court, please write for Mr. Smocks. I'd like to reserve two minutes for rebuttal. The district court here erred in modifying Mr. Smocks's supervised release condition to add a forced installation of computer monitoring software without properly weighing the public's interests against the deprivation of Mr. Smocks's liberty. Some brief background, the original PSR mentioned computer monitoring slash search but didn't have any reference to any software. The software reference first appeared in the probation officer's sentencing format. It's not clear if defense counsel saw that. At sentencing, the court read the sentencing format. Why should we presume that defense counsel didn't read the pre-sentence report? No, the pre-sentence report, the sentencing format that comes at the back of the probation officer's recommendation, it's my understanding that counsel doesn't always get that. I notice it's not, it doesn't have a number on the docket to even click on, so I think that means that it may have been inaccessible even to counsel. I'm not sure. And so what the court read really was a little bit nonsensical at sentencing. Of course, there was no appeal. He waived his appeal. So that was that. He finished his 14-month sentence a few months later, and then six months after that, probation came to him and advised him that he had the right to a hearing before any, quote, unfavorable change in his release conditions, asked him to waive that, and he declined. So the probation petitioned to modify and add this software installation requirement, which the court did over counsel's objection that the 3583D standard had not been met, and this appeal is of that modification order. The district court was required to weigh the deprivation of Mr. Spock's liberty against the need for deterrence in public safety and to choose the least restrictive alternative to accomplish those goals, and millennia requires a narrow tailoring to the purposes of the restriction. And the court here purported to weigh and balance and choose the least intrusive means, but that evaluation was really impossible because the court didn't identify the scope and target. There was no enforcing or any description or thought as to how the monitoring would take place. It seems that the nature of the monitoring wasn't really considered and that the monitoring condition seemed to just be presented to the court as a less restrictive alternative to a computer ban or an internet ban or a restriction, but not whether what monitoring options might be and whether the monitoring option Where did the defense attorney say this is how we think that this should be restricted, you know, this and not this? I don't see that was ever said to the district court. Well, he was objecting generally to this deprivation of liberty. I mean, that's my point, but that seems to be a different argument than the argument that you're making, which is that even if the software could have been loaded, it should have had some restriction than just to monitor everything. I guess the way I'm thinking of it is something was ordered and that something, which frankly we don't know what the reality of it is, the weighing was never done on that something because the something wasn't specified and nor was there a specification of what it was looking for. And most of these cases, of course, are like child porn cases where it's very few cases that aren't, that you could find that aren't child porn cases. And so they're obviously, they're looking for images, they're looking for certain things and you can put in like filtering software and that's been upheld many times, but it's unclear here. This was just looking for crime, criminal speech, it sounds like, but yet it wasn't even said that. It wasn't said, don't say this, don't do this, don't look here, don't post there, and we're going to monitor you to enforce that. It wasn't paired with anything. And I would point to the Albertson case where they said that that's the third circuit where they said that software is generally acceptable if the internet restriction to which it applies is narrowly tailored and that reasonable method of monitoring and filtering can be reasonable methods of enforcing a more targeted restriction. And there's no problem with monitoring if it's paired with a narrowly tailored restriction, but here there was like a free flow. I'm trying to make sure I understand your argument. Are you saying that at the time of sentencing, Mr. Smocks and his counsel were not on notice that the monitoring that would be done was going to be done using software? I mean, they were told that at the sentencing. Possibly they saw the format ahead of time, but I mean, they saw the word software. That's the first time it came up, but the monitoring. So, I mean, so they knew that it was going to be software and he waived appeal of supervised release conditions as part of waiving appeal to the sentence unless it was an illegal sentence. So, I'm trying to understand then if he waived appeal of supervised release conditions and he knew at least as of the time of sentencing that that meant that that would include software used to monitor, how is it that it's properly before us to essentially revisit whether or not it's appropriate just to load any software on the computer at all? Well, yeah, I now understand the question. We disagree with the premise that he knew there was going to be software because what this special condition just says, you must submit your computers or other electronic devices to a search. Wait a minute. I'm sorry. I'm in the wrong place. Sorry. To ensure compliance with the computer monitoring condition, you must allow periodic searches and then there is in that reference to software. But if you just read this or you're just listening to this, you think, okay, compliance with the computer monitoring condition, but you're like, what computer monitoring condition? They forgot to put that in there essentially. They just have a heading that says computer monitoring slash search. They don't say you are going to be subject. First of all, they don't say you can't do such and such on your computer and we're going to subject you to a computer monitoring condition and then say to comply. So it's not clear that this whole condition has any relevance to him at that point. And he's not objecting to it. He doesn't have a right to appeal it and it doesn't appear that it's even going to be a problem. In fact, it isn't a problem for like six months when they come to him and they are the ones that say, we want to change it. They come to him because he's getting out of prison at that point. Well, he'd been out for at least six or seven months at that point when they came to him. He got out, I think, in January and they came to him in end of July and then they petitioned early September to have it put in. And they're the ones that said, this isn't covered. This hasn't been ordered. This is new. We're unable. I think they say the current condition does not allow us to do it and we're unable to install it without, that's what it says in the petition. But when the new, when the modifications took place, what was his objection in the district court? What was the basis for the objection? Well, he said several things, but his overall objection and he quoted the statute in full. He said that it had to be the, he wrote 3583, let me just find that. I asked that because as I recall, the government says that a good deal of the argument that you're presenting to us was not presented to the district. Yes. Well, he called this off. First of all, he quoted 3583 in full, which says, says that the language about cannot, has to be a deprivation no greater than reasonably necessary. He called the software quote, unnecessary and overbroad. And he argued that the quote deprivation, including these privacy and interference with his legal work interests were quote, not reasonably necessary under the law. So he made a very broad challenge. There was no objection on the basis that the terms of the monitoring were contradictory. Right. I mean, right. That's right. But that's not really what we're saying that we're making the same broad objection that he made at the re hearing. That's right. If we, if we understand the, the modification to really be a kind of a clarification of the terms, would the appeal waiver cover that? No. I think the third and the 10th circuits have both said that first, of course, the appeal waivers are construed against draft or against the government. And this court has done that and construed them narrowly. And the third and 10th circuit tell that appeal waivers don't cover post-sentencing modifications of supervisory. Modification. But what if it was a clarification? Would a clarification be covered by the appeal waiver? Well, again, I, I understand that the district court called it a modification and you take it to be a modification. Assuming that I, that I thought of a clarification with the cover that because then it would be part of the sentence in this case, wouldn't it? I guess. Yeah. Arguably. So I don't, I'm not conceding that. But here the probation characterize it as a change, unfavorable change. They didn't work considering it to be a clarification. And are we, are we bound by the formalism of that label? Well, I mean, I mean, you can just read it and it doesn't authorize it. Probation didn't think it authorized it. I don't, I mean, it didn't authorize it. Doesn't authorize it. In fact, it's just sort of nonsensical. It talks about to enforce the computer monitoring condition. And if, when I first picked up this file and I knew it had, I mean, you know, I just was told like, this is a computer monitoring condition. I looked at the old JNC is the first thing I looked at it and I read the thing and I was like, what computer monitoring condition? I mean, that's what you think when you read it. And yeah. I mean, it is, I don't, I guess I'm not saying you're bound by what probation said, but it's certainly, they don't think their own terms and they clearly do have terms to choose from. It just like didn't put them in. I mean, they have this compliance thing instead of the actual imposition. And again, they didn't pair it with any kind of, it's like a free floating monitoring, which in this outside of the like foreign context, it's really like, I don't know how anyone would be impossible to evaluate it. And I did comparing it. I think what happened here is the court compared it to ban a ban and that's less restrictive than a ban, but they didn't compare it to any other kind of monitoring. Well, what did the government say that the monitoring would accomplish? The government? Probation, prosecutor, anybody. And what did they say that the monitoring would for, and what would it, what would it flag for? Well, they certainly weren't specific. They just said it would deter future criminal conduct basically. And the judge, when he complained, it was going to interfere with the first amendment court said, well, this is only looking at criminal speech. So it seemed like they were saying, don't commit any crimes. And we're going to be randomly looking through your computer. I mean, we don't know what they're doing with the computer, but to just look for crime in general. I mean, the court said that. Well, I guess what I'm trying to get at is, is there evidence in the record that the monitoring software was going to allow someone in the probation office to watch his every keystroke and to look at every email and to look at every webpage that he visited, or is the evidence that they would be able to, the software would allow them to kind of go back. And if there was something concerning, they would be able to find it because the software was there that was essentially kind of capturing what he was doing. And they could kind of use that software to search for something. Absolutely nothing in the record about that. And that's our point. Like that is our point that like, if the court doesn't know what it's ordering, it can't wait. It said that it was. But if the court, if like those points weren't like directly made to the district court, then how's the district court hearing? Like what I just said, I don't see where the defense lawyer said that. Well, because the court has an obligation to weigh and the judge that we said, this doesn't balance, doesn't allow this. And the judge has to then, the judge has this independent thing. It's not like have to ask for each little thing you're saying, weigh this. And if the judge doesn't do that or can't do that because of, they don't know what they're ordering exactly. There's no specification. It's covered by the objection, I guess is what I would say. And the court also said like this, said the monitoring condition was quote limited to balance Mr. Smock's interest with the public's, but that is not, there was no limiting. The monitoring restriction wasn't limiting at all. It just said monitoring and filtering. And again, we'd point to Albertson and I guess our overall argument is that like, you know, when the court, the court has to be the one that narrowly tailors it, not, you know, there has to be guidelines. Maybe probation can like work out the fine points, right. But the, but the court has to tell them what they're supposed to look for and like what scope of places they can look. And if they don't know that, then that's not weighing that the doing the weighing that we objected didn't satisfy, couldn't be satisfied. You just aren't doing the right weighing that we asked for. And where's kind of like your best citation in the record for the argument that you just made having been made to the district court? So I didn't put the page site there. It is on just quickly find that set the modification hearing. No, no. It's in the, it's in the opposition to the petition and it's on pages like 94 or 93 and 94. Of your appendix? Yes. My appendix where he quotes the court may order a conditional supervised release to the extent it involves no greater deprivation of liberty than is reasonably necessary for the purposes and quoting the statute. And then he says that it's unnecessary and overbroad and unnecessarily, it's not reasonably necessary under the law necessarily overseeing communications. So that's what I would say. Um, so we would ask for these reasons that the software installation order be vacated in the case to be remanded for the acquired 3583 D inquiry. Thank you. Ms. Fleming. Good morning. May it please the court. Mary Fleming for the United States. The software installation condition is part of the original condition of computer monitoring, which smocks did not object to to blow and is not challenging on appeal. And because the installation is part of the original condition, the appeal waiver bars this appeal. And regardless, the district court did not air in ordering the installation. So why did the government seek a modification? It was part of the original terms of supervised release. The probation office sought a modification. The government actually, um, didn't really oppose, but so that they didn't think it was necessary. I don't think the court should read too much into whether probation thought that a modification or clarification was necessary. They, they have an interest in making sure that all the I's are dotted and T's are crossed. And district court found that it was a modification or, or granted a modification, right? Right. The court also said that the court didn't think that it was really necessary. It was clarification that the installation was heavily implied in the original condition, but it seems that everyone just kind of thought what's the harm in having treated it as a modification. Um, why wouldn't it be covered by the appeal waiver? If it's a true modification, we don't view it as a true modification, even if it is introducing something slightly new, it's clearly contemplated by the original condition of supervised release. Well, but so if we have a rule that says, um, I mean, if we were to decide that the appeal waiver bars, bars, this appeal, what about modifications that were more substantial? That's a harder question. We're not pressing that argument. If it was an entirely new modification, whether the appeal waiver, an entirely new modification would not be covered by the we, we haven't aired that argument fully. I think that is a hard question here. The waiver is very broad and covers. So, so what would be the rule then the rule is like, if the court feels like something is a clarification instead of a modification, I think, I mean, you know, the district court said I'm granting a modification use that term. It's a statutory term. So I feel like either modifications are covered by the appeal waiver or they're not covered by the appeal waiver, but I'm not sure how we're supposed to sort out like, whether it was like substantial modification or not. That doesn't seem to have any statutory basis or any basis in the appeal waiver. Here, the, the original condition for three times to the installation of monitoring software. This was, this was part and parcel of the original condition. And if we get into a world where any sort of clarification is not covered by an appeal waiver, that could really got appeal waivers effectiveness and discourage probation or the court or even the government from agreeing to these clarifications, which doesn't seem to be in the interest of defendants. Well, Mr. Smock's counsel suggests that a clarification, you know, might be covered by the appeal waiver, but we don't have a clarification here. We have a modification or something that was labeled a modification. We would ask the court to look at the substance over the form. Again, the condition required, the original condition requires installation of monitoring software. It refers to that three times. The majority of the condition is about the monitoring software and making sure it's functioning effectively. It really can't reasonably be read any other way. And in light of case law that supervised release conditions are read in a common sense way, with the plain meaning, with the district court's intent in mind, in light of all of that, this is properly characterized as a clarification. Is this monitoring software on 24 hours a day? It's, that's not in the record, but that's my understanding that it is. And so what happens is the, how does probation utilize it? I'm happy to answer the record. My understanding from talking with probation is that it does have a continuous monitoring and then probation occasionally on a periodic basis will go in. They can sit in front of a screen here in Washington, DC and monitor everything that's going on on the computer? I, I, I, I suppose. See, the reason I'm asking this question is that the condition that was imposed was in two parts. This is the, after the original sentencing, when one was installed as monitoring computer software. But the second was that it can't be, basically it can't be used unless there's reasonable suspicion that there's a violation of a condition of supervision and that the computer device contains evidence of that. Is, is that, is, is that what's going on here? I mean, you have a constant monitoring, but you can't use it unless you have evidence, a reasonable suspicion that there's been a violation of the terms and conditions of, of, of the supervised release. That's not, that's not how the conditions work. So the monitoring is an ongoing monitoring that probation can look at on a periodic basis. The reasonable search condition in probation and the court sentence. Isn't that a search? Yes. It's, if they're monitoring all the time, then that's a search. Right. Right. Right. But the, the next condition says you can only conduct the search if you have reasonable suspicion that there's evidence there. That condition, as the court said, was aimed at ensuring that probation can search computers that are not reported to the probation office. And that's what probation said when they asked for that condition as well, that the two conditions are aimed at different things. I just don't understand how the two can stand together. Also the, that wasn't objective to below. So that argument is a plain error, but again, the reasonable suspicion searches sounds to me like a plain error. Well, the reasonable suspicion searches are really aimed at computers that were not reported to probation. The monitoring is for the computers that are subject to the monitoring. There might be some overlap there, they're not inconsistent. So help me understand whether or not the district court thought that a modification was really needed. The fact of the matter is that we are reviewing an order that is saying that it is modifying the conditions of release. So why shouldn't we treat this, I mean, how can we just say this is a clarification and not a modification when the order says that it is a modification? What authority do you have for that proposition? Looking at the substance of the court's original order and the substance of the later clarification. I also, I point this court. They're not necessarily different. A clarification can be a modification. And a modification can be a clarification. You say, well, this is just a clarification. That does not exclude the distinct possibility that it was also a modification of the terms. This far and no further or, you know, one exception or another, they're all clarifications, but they're also modifications, aren't they? Well, in light of the original order that talks extensively about installation of monitoring software, that this condition was part and parcel of the original condition. And in love, this court said that look to the district court's parse out this distinction and there was some discrepancy between the oral pronouncement of the court and the written judgment. And the court there said we're not going to remand for the district court to do this over where the written judgment was merely clarifying the original order. Under that analysis, there is a distinction and the court is not bound by formalistic distinctions. So let's suppose that you have a situation where the original judgment, you know, is clear that installation of the software is permitted. And and the way that this was worded is that the way that this judgment was worded, it just says computer subject to computer monitoring, but it didn't really define of like what computers those were. So let's suppose the defendant got a job in an office and there are 100 people and they all had computers and probation said, well, we think that since you could access any of those 100 computers, we should be able to install this software on all of those 100 computers in the office for you to continue working there. And you know, you should notify these people that their computers are subject to monitoring, but essentially you have to allow that to happen or you can't continue working there or we'll consider it a violation of your supervised release conditions for you to continue working there if we're not allowed to install the software. And the employer says, no, we're not going to let that happen. So we're going to have to let Mr. Smocks go. We'd love to have him stay, but we're just not going to allow probation to monitor all our computers. Is that covered by a waiver? Is, if there, I'm sorry, is the... So Mr. Smocks says, I want to, the district court, he challenges that in the district court. The district court says, that's perfectly fine. That's, you know, that's a reasonable modification. You've waived everything. You're going to come here and you're going to say, he's waived the right to appeal that? That's an extreme example. I do think that under the terms of the condition, it does cover computers that he uses. That doesn't strike me as a modification, but this court also does presume, and this is... So it would be waived. I believe, yeah, I believe so, but probation could always unreasonably implement conditions. There's a lot of discretion afforded to probation offices, and that works because courts assume and presume that that discretion will be exercised reasonably. And if he went back to the court and the court said, that's what I ordered, then conceivably that would be waived. I don't know if the government would choose to enforce the appeal waiver in that instance, but that doesn't strike me as a modification under the language that we have here. This order also applies not just to computers, does it? It's not just confined to computers. It uses computers as it's defined. Computers are defined broadly under the statute, so it extends... Well, yes, the statute, but it also says computers or other electronic communications. Now, it seemed to me that an electronic communication would include telephones and cell phones, and you have to allow... The defendant has to allow searches of that. Does that mean that the probation office can put a wiretap on his phone and pull up whatever they want if they have some reasonable suspicion? That's part of the computer search. That's not under the purview of the monitoring software, but... No, it's not computers. This is broader. It says, or other electronic communication. What do you think that entails? Right. I agree that that's broad. The burden there is higher. There has to be reasonable suspicion of a supervised release violation, and that's more along the lines of an ordinary search upon reasonable suspicion, which is permitted in the supervised release or probation context, but I agree that that is broad. I don't... I guess I'm not sure to, I guess, follow up on Judge Randolph's questions. What does the... What is the meaning of the word search in the modified order that's at A-196? As to how the search would actually be conducted? Yeah. And why search seems to be something that's different than just the installation of the monitoring software and the monitoring software just operating normally. Search seems to be something different than that. Am I misunderstanding this? Again, this isn't exactly in the record. My understanding is that a search... It could be conducted. It could be a physical search looking through a computer. It could also be a search through forensic software that is installed on the computer, which is how searches are often done and electronic devices. But it's different than this ongoing monitoring condition that's in the original order. So, help me understand what the district court knew that it was ordering at the time that it made this modification or clarification. Help me understand what the district court... What was in the record that the district court knew how this software would operate, what it would do, how probation would use it, etc. The record shows that Smocks understood this software to be fraud. He said that it would cover his third-party communications. He argued that he has a privacy interest in the contents of his devices, that it would monitor his private affairs. His argument was that the monitoring software should not be imposed at all because that would violate his First Amendment rights and his general right to privacy. The court evaluated those arguments and rejected them. That's why the court weighed monitoring software versus an alternative like a computer ban. But the intricacies of the monitoring wasn't directly raised. It seems from the record that everyone understood that this would be fraud. He says at one point in his pleading, this is going to monitor everything that I do on the other side. No, that's not what the software does. Correct. So we should assume that that's what the software does. I think that is supported by the record. It wasn't raised below and under plain error... What do you mean it wasn't raised below? The intricacies of how the software works, whether the district court was required to delve into the details of this. The argument was much more general than that. Under love and objection that's raised generally is not enough to put the court on notice of more specific arguments. It wasn't plain or obvious that the court was required to get into those details, especially because courts often do delegate task probation. For example, in the internet ban context, probation is allowed to decide exceptions to that. And here the monitoring is not even preventing smocks from doing anything. Didn't the pre-sentence report itself equate computer monitoring with a search? The pre-sentence report says that. Right. We agree that it's a search. So under plain error review at a minimum, the district court's delegation of this to the court. So give me your best argument as to why in this case it would be appropriate for probation to have 24-7 monitoring ability of everything that this defendant did does on his computer. The underlying crime was transmitting threats using a computer. The computer was instrumentality of the crime. And the court recognized that he had used computers in the past to commit crimes. The court found that there was a need for deterrence, especially because at the original sentencing, smocks did not exhibit remorse and have a history of supervised release conditions. And the court found continued deception. In light of all of that, the monitoring, the computer monitoring was reasonably related. And smocks now on appeal is not actually challenging the monitoring itself. That was in the original order, which he's not challenging. It's more about how the monitoring is implemented. All right. Thank you. Thank you. Ms. Wright, you are out of time, but we'll give you the, I think, two minutes you requested. Thank you. To be clear, when I say that a clarification might be arguably covered by the waiver, I'm thinking of a situation where there's like almost like a clear correction or clarification. That wasn't nothing substantive. I just want to be clear about that because I see it's like clerical corrections are different. And the fact is that here, before the order, for the modification, the software couldn't be installed and afterwards it could. So, it's clearly substantive. I want to point out the Rule 11 College, we didn't actually incorporate in the waiver the conditions of supervised release. And the court has looked at that sort of thing as far as when it's construing the waiver and whether it's going to be construed after and how strictly. I'm not aware of an issue with defendants appealing a bunch of modifications in like, you know, my 30 years at the FPD. I don't think I've ever seen one until this one. So, it's not like something that's this giant gaping hole in the waiver that they couldn't possibly have meant to exclude that. Well, what are we to take from the original judgment that you know, to ensure compliance with the computer monitoring condition, the defendant must allow a probation officer to conduct initial and periodic unannounced searches of any computers subject to computer monitoring. And then it says that the searches shall be conducted to determine, among other things, whether I'm adding among other things, whether the computer contains any prohibited data prior to installation of the monitoring software. So, what else could that mean other than monitoring software is going to be installed as part of this condition? I guess it could mean like, if you were subject to installation and it's possible that, you know, there are conditions that don't always necessarily apply in every respect to a person. So, if you're standing there hearing this be read and you're saying, this is to ensure compliance with the computer monitoring condition, you could be thinking, well, she hasn't imposed a computer monitoring condition, so this stuff is just like boilerplate. I guess that's what I would say. The condition in the second go-round that you can't conduct the search probation off until unless you have reasonable suspicion, that's actually favorable to your client, isn't it? You're not attacking that, are you? Right. I mean, but it does show the nonsensical nature of the conditions as a whole, and I think that's relevant to whether the court could weigh it. That's kind of the point. If it doesn't make sense, how could it have been properly weighed, the deprivation against the, if it's not clear what it even means. And I just want to say one more thing. The Volcker case, you know, this is really analogous to the, it's impossible to evaluate the minor contact ban when the limits on the ban aren't clear. Back on that, I just want to say one more thing about just going a little more about the scope of the waiver. We obviously have the circuit courts that have said it doesn't cover this, but if you look at the waiver itself, paragraph D waives the right to appeal the sentence, quote, imposed. And it seems to me that it's clear that it's talking about an appeal, appeals a waiver of a direct appeal because it excludes appeal on the basis of ineffective assistance of counsel, and then it has a separate subsection excluding ineffective assistance of counsel from waiver under 2255 collateral attack. So the fact that they put that in there twice, it seems like that first paragraph has got to be referring to the direct appeal. And if an appeal of a modification sentence imposed was forbidden, it would say so. But really, this is clearly directed to the, you know, the appeal that you're about to make, that you would have to make within the 14 days of the judgment. And I think the court, you know, the court said this was limited, but there was no breadth. And the breadth, that put the court on notice that there was a need to limit it. And the court said it was limiting it, but there was no limit at all. The search was limited, there had to be reasoned suspicion, it had to be a reasonable time and manner, but the monitoring had no limit. And the last point is that the government says the computer is the instrumentality of the crime, and that's why we get to look all through it 24-7, I guess. But if the threat had been over the phone, could there be a wiretap to just list everything he says over the phone? And Melania made that point when it said that if the defendant in that case had met his trafficking victim through a classified ad in the paper, could you ban him from reading all newspapers? So we would say that's analogous, and ask the court to vacate the condition and remand for a balanced Sanctuary 3583D. Thank you, Ms. Wright. Thank you. We'll take the case under submission.
judges: Wilkins, Rao, Randolph